STATE OF MAINE                                    SUPERIOR COURT
PISCATAQUIS, SS.                                  CIVIL ACTION
                                                  DOCKET NO. CV-16-8

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

                                        John Doonan, Esq for Plaintiff

            Plaintiff,

      v.

DOWNEAST MORTGAGE CORPORATION,                    CORRECTIVE DECISION

            Defendant,

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. as nominee for DOWNEAST
MORTGAGE CORP., PAMELA ELLIS AND
WILLARD ELLIS, JR.,

            Parties-In-Interest.

Received & Filed

MAR 2 7 2017

Piscataquis County
Clerk's Office

The plaintiff has moved for default judgment and judgment on the pleadings on its complaint for declaratory judgment. In this case, in which there is a prior MERS assignment, the plaintiff represents that it possesses the note and asks the Court to declare that it is the owner of all rights in the note and mortgage that are the subject of the complaint. *See Bank of America v. Greenleaf,* 2014 ME 89, 96 A.3d 700. The complaint was filed to clarify that the note is secured and to ensure that the plaintiff would have standing to file a complaint for foreclosure should there be a later default on the subject note. The defendant, the original mortgagee Downeast Mortgage Corporation, has been served and has not answered or otherwise appeared in this matter. Parties-in-Interest MERS and the mortgagors have been served.[1] No interested party appeared when the motion was set for oral argument. The plaintiff provided in its complaint the

---

[1] MERS responded, stating that it was without knowledge or information sufficient to form a belief as to whether the allegations in the plaintiff's complaint were true. Parties-in-Interest Pamela Ellis and Willard Ellis, Jr. did not answer or otherwise appear in this matter.

averment that it was the current owner of the subject mortgage, which statement is deemed admitted by the defendants' failure to answer. M.R. Civ. P. 8(d).

In *Greenleaf*, the Court ruled that "in the absence of any evidence that the Bank owned Greenleaf's mortgage, we conclude that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note," implying that it would be possible on other facts to prove ownership of the mortgage. 2014 ME 89, ¶ 17, 96 A.3d 700. Because the defendant failed to answer and none of the interested parties appeared at argument, the Court concludes that they have no interest in taking a position contrary to the Bank's and infers that they have no reason to do so. As a result, the Court declines to hold further hearings, permitted but not required by M.R. Civ. P. 55(b)(2), to investigate the averments in the complaint. Under these circumstances it makes little sense to cause the parties' rights with regard to this property, note, and mortgage to remain unresolved. The Court therefore grants the declaratory relief that the plaintiff seeks.

Plaintiff has not submitted a proposed order as required under M.R. Civ. P. 7(b)(3). The Court will take further action as necessary when it receives Plaintiff's proposed order.

Dated: 3/23/17

William R. Anderson
Justice, Maine Superior Court

STATE OF MAINE                           SUPERIOR COURT
PISCATAQUIS, SS.                         CIVIL ACTION
                                         DOCKET NO RE-16-8


FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

        Plaintiff,

    v.
                                                    DECISION
DOWNEAST MORTGAGE CORPORATION,

        Defendant.

MORTGAGE ELETRONIC REGISTRATION SYSTEMS,
INC. as nominee for DOWNEAST MORTGAGE CORP.
PAMELA L. ELLIS and WILLARD W. ELLIS, JR.

        Parties- In-Interest

Received & Filed

Piscataquis County
Clerk's Office

The plaintiff has moved for default judgment on its complaint for declaratory judgment. In this case, in which there is a prior MERS assignment, the plaintiff asks the Court to declare that it is the owner of all rights in the note and mortgage that is the subject of the complaint. *See Bank of America v. Greenleaf*, 2014 ME 89. The complaint was filed to clarify that the note is secured and to ensure that the plaintiff would have standing to file a complaint for foreclosure should there be a default on the subject note. The original mortgagee (Downeast) as well as the mortgagors and MERS have been served but failed to answer. Also, the plaintiff provided in paragraph 18 of its complaint the averment that it was the current owner of the subject mortgage, which statement is deemed admitted by the defendants' failure to answer. M.R. Civ. P. 8(d).

In *Greenleaf*, the Court ruled that " in the absence of any evidence that the Bank owned Greenleaf's mortgage, we conclude that the Bank lacked standing to seek foreclosure on the mortgage and accompanying note," *Id* at ¶ 17. Implied in this

holding is the proposition that it could be possible on other facts to prove ownership of the mortgage. Because the parties have failed to answer, the Court concludes that they have no interest in taking, or have no reason to take, a position contrary to the Bank's. Under these circumstances, the Court declines to hold further hearings concerning the averments in the complaint. In this case, it makes little sense to cause the parties' rights with regard to this property, note, and mortgage to remain unresolved and the Court Grants the Declaratory relief that the plaintiff seeks.

Dated: February 13, 2017

WILLIAM ANDERSON
JUSTICE, SUPERIOR COURT